1 iHIGHTOWER, Judge,
dissenting.
Struggling to explain what happened during the hour preceding the accident, plaintiff planned to present his own testimony along with that of the driver and the other passenger. Reports at trial, however, reflected the driver, Brown, to be incarcerated in jail and understandably unavailable. Vouching he was “half asleep” at the time, passenger Howard said he did not know what occurred. And, Hoy himself was found absolutely unworthy of belief. Yet despite this glaring void regarding what transpired prior to the accident, the majority proceeds to reverse the trial court to grant judgment in favor of plaintiff.
The w.c. judge well explained — and the majority concurs in — her discrediting of the claimant. Hoy, for example, testified he had previously never sustained a broken nose, even though medical records showed that one year earlier, on April 8, 1995, he suffered a nasal fracture.[1] He also stated that Brown did not consume alcohol before reaching Gilbert’s home, but testimony by others, including Howard, clearly refuted that assertion. Similarly, although plaintiff claimed the workers left the job site early because they ran out of muriatic acid used in their assigned task, Howard acknowledged that the crew departed prematurely in order for Brown and Hoy to help him move his “stuff’ from one residence to another.[2] Furthermore, when DeBoard went to Arkansas to finish the project the next day, he found muriatic acid present at the job site.
Clearly, too, Hoy consumed considerable quantities of alcohol. Emergency room records showed his blood alcohol level at 0.2 percent. The investigating officer smelled alcoholic beverages about Hoy’s person, and he appeared intoxicated at the accident scene. Gilbert, as noted by the majority, described Hoy’s later condition as “drunk off his butt.”
Nor does Hoy’s testimony or his conduct soon after the accident reflect any disagreement, on his part, with Brown’s activities (other than possibly the rate of speed) |2on the date in question. Instead, a police officer who witnessed the accident observed the passengers, immediately after the mishap, throwing beer bottles from the truck into nearby woods. Still later, in describing the events to DeBoard, plaintiff voiced no complaint about Brown’s conduct or the route being traveled. Indeed, even from the witness stand, Hoy offered no explanation as to what transpired, other than to conveniently attribute the accident to “the dog in the road,” a version discredited by both the police officer and, ultimately, the w.c. judge.
The evidence here convincingly shows Hoy and Brown engaging in approximately an hour spree of drinking and possibly other activities, all clearly outside the scope of their employment. The w.c. judge concluded that the automobile accident occurred during a deviation from Hoy’s employment duties with S.G. Masonry. She determined that about an hour elapsed from the time the employees left Gilbert’s home until the mishap occurred, and that less than fifteen minutes should have been required to reach the service station. “[Sjomething happened within [that] hour,” the judge further found, “either [the workers] detoured from the course and scope of employment to go and *79 help Mr. Howard move, or they detoured ... to chase someone to get money that was owed to Mr. Brown.” These findings are well supported by the record.
Under the circumstances disclosed here, and not having previously protested the driver’s conduct or offered any credible explanation of the events, Hoy certainly cannot now claim to have been a mere unwilling or submissive passenger.
The trial judge correctly resolved the issues presented, yet the majority reverses after fashioning its own explanation as to what transpired.
I strongly dissent.

. Emergency room records report the patient then stating that police officers "stomped him into [the] ground,” an episode probably not easily forgotten.

. Howard had acknowledged that he faced an emergency need to move from his residence that day, and testimony indicates this subject had been previously discussed among the three workers.